Mr. Chief Justice Shakkey
delivered the opinion of the court.
The appellees move to dismiss the appeal, and in support of the motion, urge the following reasons. 1. That the record was filed out of time, and without leave of court. 2. That there is no assignment of errors. 3. Failure to prosecute the appeal. 4. That there is no legal appeal bond.
1. The appeal was taken at the last May term of the circuit court, of Wilkinson county,, and was, of course, returnable to the last December term of this court, but the record was not filed *818 until the third day of the present term. The 10th section of the supreme court law, Revised Code, 151, provides, that hr case a copy of the record, in all appeals and writs of error, shall not he filed with the clerk of the supreme court, on or before the first day of the term to which they are returnable, it shall be lawful for the court on motion, and on producing a copy of the citation duly served, to dismiss such appeal or writ of error, but the same may be reinstated at any time during the term, on good cause shown. This provision is not regarded as peremptory, unless the statute should be strictly complied with, by the party making the motion. The obvious intention, was to induce 'a vigilance- on the part of the appellant or plaintiff in error, and to prevent unnecessary delay to the appellee or defendant in error; but by the terms of the act, there is a discretion left with the court, by which, for good cause shown, a cause may be reinstated after it has been dismissed, and it is believed, that any reason which would be sufficient to reinstate a cause, would also be a good reason why a motion to dismiss should not prevail; and although there is no good excuse shown for the failure to file this record in due time, yet we think as the appellees did not move to dismiss, until after the record was filed, the motion comes too late. It was undoubtedly their privilege to have had the cause dismissed at the return term, or even at the present term before it was filed, but they neglected to do so, and as we think the statute leaves a discretion with the court, we must adopt the rule which we take to be general in practice, that the negligence of one party opens advantages only to the vigilance of the other.
The second reason is, that no errors have been assigned. This reason is predicated on a rule of court, and would undoubtedly be good, if it were not for the peculiar circumstances of the case. It is admitted, that Carmichael died after the appeal was taken, and before the return term. By the common law, a writ of error abated by the death of the plaintiff in error, before assignment of errors, and the rule would probably apply to an appeal also; but by our statute, Revised Code, 155, sec. 25, if either party die pending an appeal or writ of error, it may be revived in the name of his representatives; and although the clerk ma]'-, in vaca *819 tion, issue proper process to bring in the representatives, yet this has not been done; and the counsel now claims the right to revive which he is entitled to. Strictly, therefore, there has been no person, who could assign errors, because Carmichael died before assignment, and his representatives are not yet in court.
The third reason, to wit, failure to prosecute the appeal, is embraced in the two preceding ones, and consequently disposed of.
The last reason in support of the motion is, that there is no legal appeal bond; but we do not think the objection to the bond well taken. It is said to be insufficient, because made by an attorney in fact, and is unaccompanied by the power of attorney. We have not been furnished with any authority in support of this position; and our impression is, that we have no right to question the validity of the bond on that account. Appeal bonds are taken before the court below, and a copy transmitted to this court, and can only be attacked here for defects apparent on their face, in not conforming to the law. We must presume that they were executed by the party whose name is attached, and if executed by attorney, the presumption equally holds. We might as well go into an inquiry as to the genuineness of the signature, if executed by the party himself, as to require the power of attorney. It would present an inquiry of fact with which this court has nothing to do.
The motion must be overruled.